**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| In re:<br>    Richard Earl Houghton<br>    Janet E. Houghton<br>                      Debtors | Chapter 7<br><br>Case No. 19-30568-EDK |

## TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE BY PRIVATE SALE, FREE AND CLEAR OF LIENS AND ENCUMBRANCES

To the Honorable Elizabeth D. Katz, U.S. Bankruptcy Judge:

Now comes David W. Ostrander, Chapter 7 Trustee in the above captioned case ("Trustee"), by his counsel, and requests that the Court authorize him to sell the single family home located at 534 Pendleton Avenue, Chicopee, Hampden County, Massachusetts (the "Property"), to Stephen M. Buynicki ("Buyer") of West Springfield, Massachusetts, for the price of one hundred fifty-two thousand dollars (**$152,000.00**), free and clear of liens and encumbrances.  In support of this Motion, the Trustee respectfully represents as follows:

1. The Debtor filed a Chapter 7 Voluntary Petition on July 16, 2019 (the "Petition Date").

2. The first Meeting Of Creditors was conducted on September 10, 2019.

3. On Schedule A/B – Property, the Debtors disclosed that they owned the Property as Tenants By The Entirety with a value of $195,100.

4. On Schedule D – Creditors Who Have Claims Secured By Property, the Debtors listed Freedom Mortgage ("Freedom") as mortgagee for the Property, and that approximately $197,417 was owed to Freedom.  Also on Schedule D, the Debtors listed the City of Chicopee-Water Dept. as having a lien on the Property and that approximately $646 was owed.  The Debtors also listed a lien held by Solar

    Mosaic, Inc., in the amount of $23,850 for "[l]oan for solar panels and related equipment."[1].

5. At the bottom of Schedule I: Your Income, the Debtors stated the following: "The Debtor and his family (inclusive of the entire household) are moving to Florida on August 1, 2019." At the Meeting Of Creditors conducted on September 10, 2019, the Debtors confirmed that they had moved to Florida and that the Property was now vacant.

6. The Debtors have not claimed an exemption in the Property.

7. On August 6, 2019, Freedom filed a motion for relief from stay for the Property stating that the amount owed on the mortgage as of July 19, 2019, was approximately $200,974[2]. The Court entered an Order on September 12, 2019, allowing Freedom's motion.

8. On September 10, 2019, the Trustee filed a Motion To Employ BK Global Real Estate Services and Teamwork Realty Group As Real Estate Brokers to assist the Trustee in the marketing of the Property in expectation of completing a "short sale" of the real estate. On September 30, 2019, the Court allowed the motion.

9. Since then short sale efforts and negotiations have been ongoing and have now resulted in approval by Freedom to allow a short sale to occur.

10. Freedom has agreed to accept no less than $138,535.36 in satisfaction of its mortgage on the Property.

11. From the sale proceeds, in additional to typical closing costs, a broker's commission in the amount of $9,120, representing 6% of the sale price, will be paid. The commission will be split evenly between BK Global Real Estate Services

---

[1] The Trustee's review of the real estate records at the Hampden Registry Of Deeds did not list any document recorded associated with this purported lien to Solar Mosaic, Inc., although a U.C.C.-1 appears to have been recorded by or behalf of Solar Mosaic, Inc., at the office of the Secretary of the Commonwealth Of Massachusetts on April 20, 2016, listing Richard Houghton as the "Debtor." The Trustee contends that the perfection of its purported security interest required the recording of the U.C.C.-1 at the Hampden Registry Of Deeds and therefore the creditor holds an unsecured, rather than secured, claim.

[2] A document provided by Freedom to the Trustee dated December 23, 2019, stated that the mortgage payoff as of January 20, 2020, would be $207,868.69.

**In re: Richard & Janet Houghton, Chapter 7, Case No. 19-30568-EDK**    **Page 2**

and Teamwork Realty Group, LLC, with each receiving 3% of the total commission amount.

12. The Property will be sold free and clear of liens, encumbrances and interests with any perfected, enforceable, valid liens shall attach to the proceeds of the sale according to priorities established under applicable law. Upon information and belief, there are no other liens other than the Freedom mortgage that encumber the Property. Any real estate taxes or other municipal charges due will be paid from the sale proceeds.

13. The minimum increase required for higher offers will not exceed 5% of the proposed original purchase price and, therefore, does not require Court approval pursuant to MLBR 6004-1 (c)(2)(B)(ii).

14. The Bankruptcy Estate will be responsible for obtaining a certified copy of the Bankruptcy Court Order approving the sale. The Buyer will be responsible for the cost associated with the recording of the Bankruptcy Court Order and the deed conveying the Property to the Buyer.

15. Froom the sale proceeds the Bankruptcy Estate will receive a payment of $7,660 as a "carve out" from the Freedom mortgage, that will be used to pay the Estate's administrative expenses and a dividend to creditors[3]. The Trustee will hold these funds pending further order by the Court.

16. The Trustee further requests that the Court enter an Order waiving the 14 day stay of the sale order, pursuant to Federal Rule Of Bankruptcy Procedure 6004(h), in order to expedite the sale of the Property.

**WHEREFORE**, the Trustee requests that the Court enter an Order:

a. authorizing him to sell the Property free and clear of liens, claims, encumbrances and interests;

b. authorizing the distribution of the sale proceeds as set forth herein;

c. waiving the 14 day stay of the sale order; and

---

[3] The "bar date" to file claims was November 19, 2019. As of December 27, 2019, ten claims have been filed, all timely, in the total amount of approximately $8,735.

**In re: Richard & Janet Houghton, Chapter 7, Case No. 19-30568-EDK          Page 3**

d.    granting such other relief that is just and proper.

Dated: December 27, 2019

David W. Ostrander, Trustee

By: /s/ David W. Ostrander
David W. Ostrander, Esq., BBO#554004
Ostrander Law Office
36 Service Center Road, P.O. Box 1237
Northampton, MA 01061-1237
T: (413) 585-9300  F: (413) 585-9490
E: david@ostranderlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| In re:<br>    Richard Earl Houghton<br>    Janet E. Houghton<br>                    Debtors | Chapter 7<br><br>Case No. 19-30568-EDK |

## ORDER ON TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE BY PRIVATE SALE, FREE AND CLEAR OF LIENS AND ENCUMBRANCES

Upon consideration of the Trustee's Motion To Sell Property Of The Estate By Private Sale, Free And Clear Of Liens And Encumbrances ("Motion To Sell Property Of The Estate"), after notice and hearing, it is hereby

**ORDERED** that the Trustee's Motion To Sell Property Of The Estate, that being the real property located at 534 Pendleton Avenue, Chicopee, Hampden County, Massachusetts (the "Property"), to Stephen M. Buynicki ("Buyer") for the price of one hundred fifty-two thousand dollars (**$152,000.00**) is allowed.  It is further

**ORDERED** that the Trustee is authorized to make the following payments from the sale proceeds without further Order of this Court: a) typical closing costs associated with the sale of real estate; b) payment to Freedom Mortgage of no less than $136,535.36 in satisfaction of its mortgage on the Property; and c) a broker commission in the amount of $9,120 to be split evenly between BK Global Real Estate Services and Teamwork Realty Group, LLC, each receiving $4,560.  The Trustee is further authorized to accept a payment in the amount of $7,660 for the Bankruptcy Estate and shall hold these funds pending further Order of this Court.  It is further

**ORDERED** that this Order shall **not** be stayed for 14 days after entry and shall be effective immediately.  It is further

**ORDERED** that the Trustee is authorized to execute any and all documents to effectuate the sale.

_____
Honorable Elizabeth D. Katz          Dated
U.S. Bankruptcy Judge