**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

In re:
   Richard Earl Houghton
   Janet E. Houghton
                     Debtors

Chapter 7

Case No. 19-30568-EDK

## NOTICE OF INTENDED PRIVATE SALE OF ESTATE PROPERTY, SOLICITATION OF COUNTEROFFERS, DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS AND HEARING DATE

NO LATER THAN 30 DAYS FOLLOWING THE DATE THAT THE BANKRUPTCY COURT APPROVES THE SALE IS THE DATE OF THE PROPOSED SALE.

_____ IS THE DATE BY WHICH OBJECTIONS OR COUNTEROFFERS MUST BE MADE.

Notice is hereby given, pursuant to Section 363 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 2002(a)(2) and 6004, and Local Bankruptcy Rules of the U. S. Bankruptcy Court for the District Of Massachusetts ("MLBR") 2002-5 and 6004-1, that David W. Ostrander as Chapter 7 Trustee ("Trustee") in the above captioned case, intends to sell at private sale the Debtor's right, title and interest in certain property of the estate.

**PROPERTY TO BE SOLD:**

The single family real estate located at 534 Pendleton Avenue, Chicopee, Hampden County, Massachusetts (the "Property").

**THE OFFER:**

The Trustee has received an offer to purchase the Property for the price of one hundred fifty-two thousand dollars (**$152,000.00**), in cash.

**THE PROPOSED BUYER:**

The proposed buyer is from Stephen M. Buynicki ("Buyer"). The relationship of the Buyer to the Debtor and/or Trustee is: NONE.

**THE SALE DATE:**

The sale shall take place on or before thirty (30) days following the date that the Bankruptcy Court approves the sale unless the Trustee has agreed in writing to a further extension.  The terms of the proposed sale are more particularly described in the Trustee's Motion To Sell Property Of The Estate By Private Sale Free And Clear Of Liens And Encumbrances (the "Motion To Sell") filed with the Court.  The Motion To Sell is being served on all creditors and other interested parties with this Notice.

**SALE FREE AND CLEAR OF LIENS:**

The Property will be sold free and clear of all liens, claims, encumbrances and interests.  Any perfected, enforceable, valid liens shall attach to the proceeds of the sale according to priorities established under applicable law.

**COUNTEROFFERS AND OBJECTIONS:**

Any objections to the sale and/or higher offers shall be filed in writing with the Clerk, United States Bankruptcy Court, 300 State Street, Springfield, MA 01105 on or before _____, at 4:30 P.M. (the "Objection Deadline").  A copy of any objection or higher offer shall also be served on the undersigned.  Any objection to the sale must state with particularity the grounds for the objection and why the intended sale should not be authorized.  Any objection to the sale shall be governed by Federal Rule of Bankruptcy Procedure 9014.

Through this Notice, higher offers for the Property are hereby solicited.  <u>No offer less than $159,600 will be considered.</u>  Any higher offer must be accompanied by a deposit of $7,500 in the form of a <u>certified or bank check</u> made payable to "David W. Ostrander, Trustee".  The higher offer should be submitted with the actual check to the undersigned.  <u>A copy of the higher offer should be filed with the U.S. Bankruptcy Court, 300 State Street, Springfield, MA 01105, with a copy of the check.</u>  Higher offers must be on the same terms and conditions other than the purchase price.

**In re: Richard & Janet Houghton, Chapter 7, Case No. 19-30568-EDK          Page 2**

**HEARING:**

A hearing on the Motion is scheduled to take place on _____, at _____ **A.M./P.M.** before the Honorable Elizabeth D. Katz, United States Bankruptcy Judge, U.S. Courthouse, Berkshire Courtroom, 300 State Street, Springfield, Massachusetts. Any party who has filed an objection or higher offer is expected to be present at the hearing, failing which the objection will be overruled or the higher offer stricken. If no objection to the Motion or higher offer is timely filed, the Bankruptcy Court, in its discretion, may cancel the scheduled hearing and approve the sale without hearing.

At the hearing on the sale the Court may 1) consider any requests to strike a higher offer, 2) determine further terms and conditions of the sale, 3) determine the requirements for further competitive bidding, and 4) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

The Court may take evidence at any hearing on approval of the sale to resolve issues of fact.

**DEPOSIT:**

The deposit will be forfeited to the Bankruptcy Estate if the successful purchaser fails to complete the sale as set forth herein. If the sale is not completed by the buyer approved by the Court, the Court, without further hearing, may approve the sale to the next highest bidder.

Any questions concerning the intended sale shall be addressed to the undersigned.

Dated: December 27, 2019

David W. Ostrander, Trustee

By: /s/ David W. Ostrander
David W. Ostrander, Esq., BBO#554004
Ostrander Law Office
36 Service Center Road, P.O. Box 1237
Northampton, MA 01061-1237
T: (413) 585-9300  F: (413) 585-9490
E: david@ostranderlaw.com